UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARIO CURVAN, #405605,

    Petitioner,

                                                  Civil No: 06-CV-13439
                                                  Honorable Gerald E. Rosen
                                                  Magistrate Judge R. Steven Whalen

v.

JAN TROMBLEY,

    Respondent.
_____/

**OPINION AND ORDER DECLINING TO ISSUE A CERTIFICATE OF
APPEALABILITY AND GRANTING PETITIONER'S MOTION
FOR LEAVE TO PROCEED ON APPEAL *IN FORMA PAUPERIS***

On May 8, 2009, the Court issued an opinion and order denying Petitioner's application for writ of habeas corpus brought pursuant to 28 U.S.C. §2254. Pending before the Court is Petitioner's motion for a certificate of appealability. For the reasons stated below, the Court will deny the issuance of a certificate of appealability and will grant the motion for leave to proceed on appeal *in forma pauperis*[1].

## I. BACKGROUND

Petitioner's conviction arose from the murder of Frank Bono, the owner of a neighborhood convenience store which was formerly a laundry mat . Mr. Bono was found laying on the floor of his store, having suffered blunt force trauma to the head from a hammer and the impalement of his neck with a screwdriver. Mr. Bono was alive when he was found and was rushed to the hospital. However, after Mr. Bono underwent multiple

---

[1] Petitioner's appeal is being held in abeyance with the Sixth Circuit Court of Appeals and was remanded to this Court "for the sole purpose of determining whether to grant or deny a certificate of appealability." [Dkt. # 30].

surgical procedures, he lapsed into a coma where he ultimately suffered respiratory failure, sepsis and multi-organ failure. Mr. Bono died several months later.

The habeas petition challenged Petitioner's state court convictions of felony murder and armed robbery.

## II. STANDARD

"If an applicant files a notice of appeal, the district judge who rendered the judgment must either issue a certificate of appealability or state why a certificate should not issue." Fed. R. App. P. 22(b)(1); *See Castro v. United States*, 310 F.3d 900, 901-02 (6th Cir. 2002) (holding that "a district judge must issue or deny a COA if an applicant files a notice of appeal" without awaiting the filing of an application for a certificate of appealability).

"[A] prisoner seeking postconviction relief under 28 U.S.C. § 2254 has no automatic right to appeal a district court's denial or dismissal of the petition. Instead, [the] petitioner must first seek and obtain a COA." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "It is consistent with § 2253 that a COA will issue in some instances where there is no certainty of ultimate relief. After all, when a COA is sought, the whole premise is that the prisoner 'has already failed in that endeavor.'" *Miller-El*, 537 U.S. at 337 (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "[A] claim can be debatable even though every jurist of reason might agree, after the COA has been granted

and the case has received full consideration, that [the] petitioner will not prevail." *Miller-El*, 537 U.S. at 338.

In applying the standard, a district court may not conduct a full merit review, but must limit its examination to a threshold inquiry into the underlying merit of the petitioner's claims. *Miller-El* , 537 U.S. at 336-37. When a district court rejects a petitioner's constitutional claims on the merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. Daniel,* 529 U.S. at 484.

When a district court denies a habeas claim on procedural grounds without addressing the claim's merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim or the denial or a constitutional right, and that jurists of reason should find it debatable whether the district court was correct in its procedural ruling. *Id.* at 484-85.

### III. DISCUSSION

#### A. Suppression of Petitioner's Custodial Statement

Petitioner claims that the trial court erred when it denied trial counsel's motion to suppress his inculpatory statement to the police on the ground that during his interrogation, he asked to speak with an attorney on three separate occasions; and his request was not honored. Petitioner asserts that the law enforcement agents continued to interrogate him despite his pleas for counsel. Specifically, Petitioner asserts that on two occasions he asked Agent Michael Mizer of the Federal Bureau of Investigations (FBI)[2] for an attorney

---

[2]The FBI was involved in this case because it was determined that Petitioner was not only wanted for questioning regarding the death of Frank Bono, but he was also

before he made any statements, but Agent Mizer continued the interrogation. He also claims to have asked Investigator Ramon Childs, from the homicide division, if he could speak with an attorney *after* he had already made inculpatory statements and submitted to a polygraph exam, which he failed. Petitioner states that his request was also denied. Petitioner maintains that his statement violated the Fifth Amendment because the law enforcement officials did not scrupulously honor his right to an attorney after he invoked the right.

The record indicates that although Petitioner claims to have requested an attorney on three separate occasions, the record also bears out that three law enforcement officials deny that any such request was made. Since deference is given to the trial court's assessment of the weight of the evidence and the credibility of the witnesses and the trial court findings will not be disturbed unless they are clearly erroneous, *People v. Sexton,* 461 Mich. 746; 609 NW2d 822 (2000), the Michigan Court of Appeals was correct in relying upon the determination of the trial court regarding the credibility of the Petitioner. Furthermore, there is no evidence, other than Petitioner's self-serving testimony, that he requested counsel during his interrogation.

Therefore, the record demonstrates that Petitioner's Fifth Amendment right to have an attorney present during his pretrial interrogation was waived and the decision of the Michigan appellate courts was not contrary to an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States. As such, and based upon the foregoing, reasonable jurists would agree that the Court's

---

wanted for deportation as it was determined that he was an INS (Immigration and Naturalization Service) fugitive.

assessment of this suppression of evidence issue was not incorrect or debatable. Therefore, granting a certificate of appealability for this claim would be improper.

### B. *In Forma Pauperis*

Additionally, Petitioner has filed a "Motion for Leave to Proceed *In Forma Pauperis.*" Federal Rule of Appellate Procedure 24(a)(1) provides that a party to a district court action who desires to appeal *in forma pauperis* must file a motion in the district court. An appeal may not be taken *in forma pauperis* if the court determines that it is not taken in good faith. 28 U.S.C. §1915(a)(3). The standard governing the issuance of a certificate of appealability is more demanding than the standard for determining whether an appeal is in good faith. *See Foster v. Ludwick,* 208 F. Supp. 2d 750, 764 (E.D. Mich. 2002). Whereas a certificate of appealability may only be granted if petitioner makes a substantial showing of the denial of a constitutional right, a court may grant leave to proceed *in forma pauperis* if it finds that an appeal is being taken in good faith. *Id.* at 764-65; 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a). "Good faith" requires a showing that the issues raised are not frivolous; it does not require a showing of probable success on the merits. *Foster,* 208 F. Supp. 2d at 765. Although the Court declines to issue a certificate of appealability, the Court cannot conclude that Petitioner's claims are frivolous. Accordingly, the Court will allow Petitioner to proceed on appeal *in forma pauperis.*

## IV. CONCLUSION

Accordingly,

**IT IS ORDERED** that a certificate of appealability [Dkt. #29] is **DENIED**.

**IT IS FURTHER ORDERED** that Petitioner may proceed on appeal *in forma pauperis*.


                s/Gerald E. Rosen  
                Chief Judge, United States District Court

Dated:  September 18, 2009

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 18, 2009, by electronic and/or ordinary mail.

                s/Ruth Brissaud  
                Case Manager